# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY ROBINSON; DAVID SURBER; LAURA MORTENSEN; CHAEJI KIM; LINDSAY MURPHY; JACLYN KELLEY; BARBARA OLDENBURGER; and KATHLEEN NOLAN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE; and BALLARD TERMINAL RAILROAD COMPANY, LLC,<br><br>Defendants. | No.<br><br>**NOTICE OF REMOVAL**<br><br>[King County Superior Court No. 22-2-04125-1 SEA] |

TO:     CLERK OF THE COURT

AND TO:   ALL PLAINTIFFS AND YOUR COUNSEL

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Ballard Terminal Railroad Company, LLC ("BDTL") hereby removes to the United States District Court for the Western District of Washington the matter filed in King County Superior Court under Cause No. 22-2-04125-1 SEA, styled *Jeffrey Robinson, et al., v. City of Seattle; and Ballard Terminal Railroad Company, LLC.* See 28 U.S.C. § 1446(a).

A true and correct copy of the Summons and Complaint are attached as **Exhibit A** to this Notice of Removal. The state court Complaint was filed on March 22, 2022, and was served shortly thereafter. See 28 U.S.C. § 1446(b)(1).

## FEDERAL QUESTION

The Complaint provides that Plaintiffs were crossing a railroad track by bicycle, when each rider's respective tire became lodged in the railroad track and caused them to fall and be injured. The stated causes of action are Negligence and Nuisance, under Washington law.

District courts shall have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

Normally, a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–1043 (9th Cir. 2009). However, an exception is when Congress "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *B&S Holdings, LLC v. BNSF Ry. Co.*, 889 F.Supp.2d 1252, 1255 (E.D. Wash. 2012) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)).

Under complete preemption, if "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,' " then "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *B&S Holdings*, 889 F.Supp.2d at 1255 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

"The question in complete preemption analysis is whether Congress intended the federal cause of action to be the exclusive cause of action for the

particular claims asserted under state law." *Id*. at 1256 (quoting *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011)).

"The Interstate Commerce Act, ch. 104, 24 Stat. 379 (1887), which, as amended, still governs federal regulation of railroads, has been recognized as among the most pervasive and comprehensive of federal regulatory schemes." *Id*. at 1256 (quoting *City of Auburn v. United States*, 154 F.3d 1025, 1029 (9th Cir.1998)). "For more than a century, the Supreme Court has made it clear that under the U.S. Constitution's Supremacy Clause (Art. VI, cl. 2), state laws or regulations that are inconsistent with the agency's plenary authority or with the Congressional policy reflected in the Interstate Commerce Act are preempted." *Id*.

The Federal Railroad Safety Act provides, in pertinent part:

(a) National Uniformity of Regulation—

> (1) Laws, regulations, and orders related to railroad safety and laws, regulations, and orders related to railroad security shall be nationally uniform to the extent practicable.

> (2) A State may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), prescribes a regulation or issues an order covering the subject matter of the State requirement. A State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety or security when the law, regulation, or order—

>> (A) is necessary to eliminate or reduce an essentially local safety or security hazard;

>> (B) is not incompatible with a law, regulation, or order of the United States Government; and

>> (C) does not unreasonably burden interstate commerce.

(b) Clarification Regarding State Law Causes of Action.—

> (1) Nothing in this section shall be construed to preempt an action under State law seeking damages for personal injury, death, or property damage alleging that a party—

NOTICE OF REMOVAL- 3

*KSB LITIGATION, P.S.*
510 W. Riverside Ave., Ste. 300
Spokane, WA 99201
(509) 624 8988

> (A) has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), covering the subject matter as provided in subsection (a) of this section;
>
> (B) has failed to comply with its own plan, rule, or standard that it created pursuant to a regulation or order issued by either of the Secretaries; or
>
> (C) has failed to comply with a State law, regulation, or order that is not incompatible with subsection (a)(2).

49 U.S.C. § 20106 – Preemption.

Thus, the FRSA expressly preempts state and local regulations as to railroad safety, and also preempts state common law tort claims, including negligence. See *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 662 – 664 (1993); *Norfolk Southern Ry. Co. v. Shanklin*, 529 U.S. 344 (2000); *Murrell v. Union Pacific R.R. Co.*, 544 F. Supp.2d 1138, 1148 (D. Oregon 2008). Section 20106 will preempt any State law, whether statute or common law, that concerns the same subject matter as the regulations in the rule. *Id.*

The Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 10501 *et seq.*, preempts state regulation and common law claims concerning the "construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or sidetracks or facilities." *B&S Holdings, LLC*, 889 F.Supp.2d at 1259-61 (quoting 49 U.S.C. § 10501(b)(2)).

In the present matter, 49 U.S.C. § 20106 and 49 U.S.C. § 10501 completely preempt state common law negligence and nuisance claims pertaining to the design, maintenance, and safety of a rail – pathway crossing, and convert the claim, in effect, to a federal cause of action. See *B&S Holdings, LLC*, 889 F.Supp.2d at 1255-56.

NOTICE OF REMOVAL- 4

**CONSENT TO REMOVAL**

Co-defendant City of Seattle consents to this removal.

**SERVICE OF NOTICE**

Notice of this removal is being filed with King County Superior Court and is being provided to all parties. 28 U.S.C. § 1446(b)(1).

Submitted this 25th day of March, 2022,

**KSB LITIGATION, P.S.**

By: /s/ WILLIAM C. SCHROEDER
William C. Schroeder, WSBA No. 41986
510 West Riverside Ave., 3rd Floor
Spokane, Washington, 99201
wcs@KSBLit.legal
Attorneys for Defendants City of Seattle and Ballard Terminal Railroad Company, LLC