Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JEFFREY ROBINSON, an individual; DAVID SURBER, an individual; LAURA MORTENSEN, an individual; CHAEJI KIM, an individual; LINDSAY MURPHY, an individual; JACLYN KELLEY, an individual; BARBARA OLDENBURGER, an individual; and KATHLEEN NOLAN, an individual,

                                    Plaintiffs,

v.

CITY OF SEATTLE, a Washington municipal entity; and BALLARD TERMINAL RAILROAD COMPANY, LLC, a Washington limited liability company,

                                    Defendants.

Case No.: 2:22-cv-00366-RSL

PLAINTIFFS' MOTION FOR REMAND TO KING COUNTY SUPERIOR COURT AND REQUEST FOR FEES

Noted For: Friday, April 29, 2022

## I. INTRODUCTION

Plaintiffs, by and through counsel, pursuant to 28 U.S.C. §1447(c), respectfully move for remand of this action back to King County Superior Court ("KCSC").

This is a personal injury lawsuit arising out of each the defendants' decades-long failure to make a public street/railroad track crossing in the City of Seattle reasonably safe for ordinary travel by bicycle. Defendant Ballard Terminal Railroad Company, LLC. ("BTR") removed this case from

ANDERTON LAW OFFICE - WASHINGTON BIKE LAW
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290  Fax: (206) 838-3330

KCSC without an objectively reasonable factual or legal basis to do so. Defendant City of Seattle ("the City"), which is also represented by counsel for BTR, consented to removal.

There is no federal question at issue warranting the removal to this Court. On the face of the Complaint, there is no reference to any violation by BTR of any federal law or regulation. BTR relies on the preemption provision of the Federal Railroad Safety Act ("FRSA"). That statute explicitly states: "Nothing in this section creates a Federal cause of action on behalf of an injured party or confers Federal question jurisdiction for such State law causes of action." 49 U.S.C. §20106(c). Courts throughout the country have rejected removal of railroad-related injury cases in which defendants assert preemption. Plaintiffs have not found a single state-law based negligence case involving bicycle crashes on railroad tracks that has been removed under a theory of preemption. In fact, BTR itself has admitted that KCSC had jurisdiction in virtually identical cases involving bicycle crashes at the very same track crossing. Finally, because BTR lacks any objectively reasonable grounds for removal, Plaintiffs request an award of attorney fees against BTR pursuant to 28 U.S.C. §1447(c).

## II.  STATEMENT OF FACTS

Each of the plaintiffs suffered serious bodily injury after crashing on a Seattle street while riding a bicycle over a set of railroad tracks in the Ballard neighborhood.  The Complaint (filed by BTR within Dkt. 1) describes, in great detail, the allegations made against each Defendant.

The bicycle crashes at issue, which occurred between July 2018 and September 2020, all happened in a location which is commonly known as "the Missing Link" of the Burke-Gilman Trail ("BGT"). The BGT is a popular multi-use trail that is heavily used by people walking, running, using wheelchairs, and riding bicycles. The Missing Link is a 1.4-mile break in the BGT. The specific area

PLAINTIFFS' MOTION FOR REMAND AND
REQUEST FOR FEES - Case No.: 2:22-cv-
00366-RSL - 2

ANDERTON LAW OFFICE - WASHINGTON BIKE LAW
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

of the Missing Link in question includes a two-way bicycle lane installed by the City in 2013/14 where NW 45th Street and Shilshole Ave. NW converge beneath the Ballard Bridge.

In this location, the street crosses a set of railroad tracks at a perilously skewed angle, i.e., an angle significantly less than 90-degrees. The railroad tracks are owned by the City but are privately operated by BTR through an Operating Agreement entered into in 1997 (hereinafter "the Operating Agreement"). Because innumerable people riding bicycles have crashed trying to cross the skewed tracks over more than two decades, the Complaint dubs the area "the Crash Zone." The dangers to bicyclists who cross track rails at less than a 90-degree angle include: 1) deflection and entrapment of bicycle wheels in the rail's flangeway gap; and 2) tire slippage on slick track rails.

To aid in the Court's understanding, the photos below, taken from the Complaint, show the Crash Zone (both satellite and street-views), with both the bicycle lane and the railroad tracks visible:



PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES - Case No.: 2:22-cv-00366-RSL - 3

A N D E R T O N  L a w  O f f i c e - W a s h i n g t o n  B i k e  L a w
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

1
2
3
4
5
6
7
8
9



10
11
12
13
14
15
16
17
18
19



20
21
22
23
24
25

All allegations in the Complaint address a purely local safety hazard and none involve interaction with movable rail equipment such as train engines or railcars. Plaintiffs allege that: "Each of the Plaintiffs crashed when their bicycle tires interacted with a track rail and/or flangeway

PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES - Case No.: 2:22-cv-00366-RSL - 4

ANDERTON LAW OFFICE-WASHINGTON BIKE LAW
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

gap in a manner which caused the bicycle and rider to lose dynamic stability." (See Complaint, Dkt. 1 ¶ 2.86). Plaintiffs further allege:

> The reasons the crossing of the Skewed Tracks in the Crash Zone was not reasonably safe for ordinary travel by bicycle at all times relevant hereto include, but are not limited to, one and/or a combination of the following factors: (1) the perilous angle of the Skewed Tracks as oriented to the street; (2) the width and depth of the flangeway gaps; (3) the condition and height of the road surface adjacent to (inside and/or outside) the track rails; (4) the failure of the Defendants to install flangeway gap fillers; (5) the slick surface of the track rails in comparison to the roadway between and on either side of the rails; (6) the absence of physical barriers or channeling (beyond paint and a very few breakable plastic flex posts) to meaningfully reduce the risk of cyclists crossing the Skewed Tracks at a dangerous angle; (7) the failure to adequately maintain the road paint, plastic flex posts and signs that had been installed in the years prior to Plaintiffs' crashes; and (8) the lack of adequate or appropriate warnings to bicyclists of the Skewed Tracks and guidance as to how to safely cross the Skewed Tracks.

> Complaint, Dkt. 1 ¶ 2.129

As against BTR, plaintiffs' state-based statutory and common law causes of action include the following:[1]

- Breach of duty under RCW 81.53.090 to maintain and keep the subject railroad crossing in good repair (Complaint, Dkt. 1 ¶ 4.2);

- Breach of the duty to provide suitable means of protection from exposed and dangerous places, pursuant to Seattle Municipal Code 11.66.200 (Complaint, Dkt. 1 ¶ 4.3);

- The crossing of the Skewed Tracks in the Crash Zone constituted a nuisance under RCW 7.48.010 et. seq. and RCW 9.66.010 et. seq. (Complaint, Dkt. 1 ¶ 4.4);

- Breach of duty to users of public streets, including users of bicycle lanes on public streets, to maintain the crossings of railroad tracks it operates in a reasonably safe condition. (Complaint, Dkt. 1 ¶ 4.5);

- Breach of duty to take the steps necessary to correct an extraordinary condition/unusual hazard. (Complaint, Dkt. 1 ¶ 4.6).

---

[1] Since BTR is the defendant which removed, this Motion does not detail the similar claims made against the City.

PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES - Case No.: 2:22-cv-00366-RSL - 5

ANDERTON LAW OFFICE-WASHINGTON BIKE LAW
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290    Fax: (206) 838-3330

The Complaint alleges that BTR breached its duties in multiple ways, including by failing to install flangeway gap fillers on the street as it crosses the Skewed Tracks and failing to maintain pavement, signs, road markings and channelization posts in and approaching the tracks in a reasonably safe condition.

Pursuant to the Operating Agreement, BTR has the right to use the tracks, including for the business purpose of transporting goods on rail cars. The relationship between the City and BTR regarding the tracks is also governed by City of Seattle Ordinance No. 118734 ("the Franchise Ordinance"), which was entered into law in 1997.  As alleged in the Complaint (Dkt. 1 at ¶ 2.125), per the Franchise Ordinance, BTR is responsible, among other things:

- For the maintenance and safety of grade crossings, and must cooperate and coordinate with the City of Seattle Director of Transportation to assure adequate rehabilitation, repair and maintenance of all grade crossings herein authorized;

- To erect and maintain safety devices and warning signs as may be necessary to protect and facilitate public travel across tracks on which it operates;

- To maintain the tracks so that the top of the rail conforms to the street grade.

### III. STATEMENT OF ISSUES

1) Whether the Court should order remand to KCSC given that BTR has failed to meet its burden to show that there is a federal question, including failure to establish that either the Interstate Commerce Commission Termination Act ("ICCTA") or the FRSA trigger "complete" federal preemption of personal injury or tort claims involving railroad tracks;

2) Whether the Court should order remand to KCSC given that BTR's removal and assertion of federal court jurisdiction are inconsistent with its position in other related and virtually identical cases; and

3) Whether the Court should award Plaintiffs' attorney fees under 28 U.S.C. §1447(c) because BTR's removal lacked an objectively reasonable basis.

ANDERTON LAW OFFICE-WASHINGTON BIKE LAW
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

## IV. EVIDENCE RELIED UPON

This motion is made pursuant to 28 U.S.C. §1447(c) and is supported by the Complaint and the Declaration of Robert Levin, and exhibits thereto.

## V. ARGUMENT

### A.    Procedural Error in BTR's Removal

As an initial procedural matter, BTR failed to comply with 28 U.S.C § 1446(d) which required it to: "Promptly...file a copy of the notice with the clerk of such State court, which shall effect the removal..." As of the filing date of this Motion, BTR has yet to file notice in KCSC that the case has been removed.[2]

### B.    BTR Bears Burden to Show Proper Removal Based on Federal Question

The removing defendant bears the burden of overcoming the "strong presumption against removal jurisdiction." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). "[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life and Cas. Co*., 425 F.3d 689, 698 (9th Cir. 2005). Any doubt over the propriety of removal is resolved in favor of state court jurisdiction and remand. *In re Business Men's*, 992 F.2d 183 (8th Cir. 1993).

Where jurisdiction for removal is challenged, the courts "strictly construe the removal statute against removal jurisdiction" and will remand "if there any doubt as the right of removal in the first instance". *Gaus v Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). The evidence that

---

[2] Additionally, a Certificate of Service listing all counsel who have appeared in the action must be filed in the federal court contemporaneously with the Notice of Removal. LCR 101(b). The Certificate of Service filed by BTR with its removal (part of Dkt. No. 1) is insufficient because it merely provides the name and address of plaintiffs' counsel, nothing more.

**PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES** - Case No.: 2:22-cv-00366-RSL - 7

**ANDERTON LAW OFFICE-WASHINGTON BIKE LAW**
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

will be considered by the court is that which is available at the time of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

> A defendant in state court generally has the right to remove the case to federal court only if the case could have been filed originally in federal court. See 28 U.S.C. § 1441(b). The general removal statute, 28 U.S.C. §1441, is construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state court. *See*, e.g., *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Defendant has the burden of proving by a preponderance of the evidence that removal is appropriate under the statute. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

*City of Seattle v. Transdev Servs., Inc.*, Case No. 2:18-cv-01372-RSL at *2 (W.D. WA, Nov. 7, 2018) (Hon. R. Lasnik)

Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). This rule provides that an action "aris[es] under" federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Consequently, BTR's removal must be based on the claims as alleged in the Complaint and cannot be based upon an anticipated defense. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 478, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) ("a defendant cannot remove on the basis of a federal defense.").

In order to permit removal under 28 U.S.C. § 1441, the federal issue must be "substantial." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). In deciding whether federal question jurisdiction is present, courts are directed to determine whether the federal questions are

PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES - Case No.: 2:22-cv-00366-RSL - 8

ANDERTON LAW OFFICE-WASHINGTON BIKE LAW
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290  Fax: (206) 838-3330

"'basic' and 'necessary' as opposed to 'collateral' and 'merely possible.'" *Lippitt v. Raymond James Financial Services, Inc.,* 340 F.3d 1033, 1045 (9th Cir. 2003). In addition, courts must consider whether "the federal question is 'pivotal' as opposed to merely 'incidental.'" *Id.* "Is the federal question 'direct and essential' as opposed to 'attenuated?'" *Id.*

C.    **No Federal Remedy Provided For Railroad-Related Personal Injury Claims**

Where there is no federal cause of action or remedy, remand is the general rule. The Court in *Grable* refers to the unavailability of a federal cause of action as being a "missing welcome mat" to any attempts at removal. *Grable*, 545 U.S. 318. "Ordinarily, of course, federal jurisdiction does not lie under 28 U.S.C. § 1331 where there is no right of action conferred by federal statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004).

Neither the ICCTA nor the FRSA, on which BTR rely, provide for a federal remedy to victims who suffer personal injury as a result of a railroad's negligence. Further, those acts were never meant to displace state-law remedies. *Smallwood v. Illinois Cent. R.R. Co.*, 342 F.3d 400, 408 (5th Cir. 2003) (holding that the FRSA does not displace all state-law remedies).

Like the FRSA, the ICCTA does not provide a federal remedy for tort actions. *Trejo v. Union Pacific R. Co.*, No. 3:10CV00285 (E.D. Ark. Jan. 28, 2011):

> The ICCTA does not create a federal remedy for tort actions.  Therefore, concluding that the ICCTA completely preempts the Trejos' negligence claims would require concluding that Congress intended to leave persons injured due to negligent design and construction of railroad crossings without any remedy.  The Court is reluctant to come to such a conclusion.  The lack of an express superseding federal claim militates against concluding that Congress intended the ICCTA to completely preempt state tort claims.

*Trejo* at *7.

PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES - Case No.: 2:22-cv-00366-RSL - 9

A N D E R T O N   L A W   O F F I C E - W A S H I N G T O N   B I K E   L A W
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

Contrary to the assertion implied in BTR's Notice of Removal, Congress did not intend for federal jurisdiction to arise from a state tort claim simply because the claim involves railroad infrastructure or the negligence of a railroad company.

**D.    Plaintiffs' State Law Claims Not Subject to Compete Preemption**

In very limited circumstances, a federal question supporting removal may be found through application of the "complete preemption" doctrine. 14C *Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure* § 3722.1 (4th ed. 2018). Complete preemption refers to the situation in which federal law not only preempts a state law cause of action, but also substitutes an exclusive federal cause of action in its place. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003); *see also Schmeling v. NORDAM*, 97 F.3d 1336, 1343 (10th Cir. 1996) ("[R]emoval based on preemption is permissible only if federal law provides a replacement cause of action."). Complete preemption is "rare." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014); *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000).

In *Cavner v. Cont'l Motors, Inc.*[3], Case No. 2:12-cv-01092-RSL (W.D. WA, Sept. 27, 2012) (Hon. R. Lasnik), this Court held:

> Although plaintiff is usually the master of her own complaint and may choose whether to assert state or federal causes of action, where Congress has imposed federal law over an entire regulatory area, state law claims that touch on that area are deemed to arise under federal law and give rise to federal question jurisdiction. This conversion of state law claims to federal claims is "extraordinary" and occurs only where Congress has indicated its intent to exclude the state from

---

[3] In *Cavner*, a case involving airline inspection and maintenance, this Court ruled there was no complete preemption under Federal Aviation Act: "State…negligence laws, such as those asserted by plaintiffs…, would presumably encourage care in design, manufacturing, and maintenance activities." *Id*. at 4.

PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES - Case No.: 2:22-cv-00366-RSL - 10

ANDERTON LAW OFFICE-WASHINGTON BIKE LAW
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

any role in the regulated area. *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011); *Martin v. Midwest Express Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009). The fact that defendant will assert preemption as a defense to the state law claim, standing alone, does not confer federal question jurisdiction: the state court is just as capable of deciding the merits of defendants' preemption defense as is this Court. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 14 (1983). Rather, "[t]he touchstone of preemption is congressional intent," and NW Seaplanes, as the party claiming federal jurisdiction, must show that Congress intended to exclude all state law claims arising from airplane maintenance and/or inspection. *Martin*, 555 F.3d at 808.

*Id*. *2-3.

As characterized in *Ansley v. Ameriquest Mortgage Company,* 340 F.3d 858, 862 (9th Cir. 2003), federal question jurisdiction based on complete preemption is considered an "extraordinary" situation. The *Ansley* court noted that the "United States Supreme Court has identified only three federal statutes that satisfy the test (of complete preemption)": (1) § 301 of the Labor-Management Relations Act, 29 U.S.C. §185, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 559-60 (1968); (2) § 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); and (3) the usury provisions of the National Bank Act, 12 U.S.C. § 85, 86, *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 10-11 (2003). *Ansley,* 340 F.3d 858, 862 (9th Cir. 2003). While courts have made rare exceptions for statutes falling under the doctrine of complete preemption, the FRSA is not among them. *Chapman v. Lab One*, 390 F.3d 620 (8th Cir. 2004), *Smallwood*, supra, 342 F.3d at 408.

BTR's federal question-based removal is premised on the notion that the ICCTA, and the FRSA completely preempt the state law claims being made in this case. But BTR's Notice of Removal neither cites to any provisions in those statutes, nor to any regulations promulgated thereunder, which cover or address the subject matter at the heart of this case: mitigating the

PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES - Case No.: 2:22-cv-00366-RSL - 11

ANDERTON LAW OFFICE - WASHINGTON BIKE LAW
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290  Fax: (206) 838-3330

well-known hazards faced by bicyclists in crossing track rails that are oriented to the street at

an acute angle.

The FRSA language in 49 U.S.C. §20106, on which BTR relies, makes clear that plaintiffs'

claims in this case are **not** preempted. In its Notice of Removal, BTR referenced the following from

the preemption provision of the FRSA:

(b) Clarification Regarding State Law Causes of Action.—

(1) Nothing in this section shall be construed to preempt an action under State law seeking damages for personal injury, death, or property damage alleging that a party—

.        .        .

(C) has failed to comply with a State law, regulation, or order that is not incompatible with subsection (a)(2).

The referenced subsection, (a)(2), provides that a state may adopt or continue in force a law,

regulation, or order related to railroad safety until the Secretary of Transportation "prescribes

a regulation or issues an order covering the subject matter of the State requirement" The

subsection further provides that a state may adopt or continue in force an additional or more

stringent law, regulation, or order related to railroad safety when the law, regulation, or

order—

(A) is necessary to eliminate or reduce an essentially local safety…hazard;
(B) is not incompatible with a law, regulation, or order of the United States Government; and
(C) does not unreasonably burden interstate commerce.

A central question is whether and why BTR deliberately omitted the following crucial

subsection (c) in its notice seeking to remove this case:

(c) Jurisdiction.--Nothing in this section creates a Federal cause of action on behalf of an injured party or confers Federal question jurisdiction for such State law causes of action.

PLAINTIFFS' MOTION FOR REMAND AND
REQUEST FOR FEES - Case No.: 2:22-cv-
00366-RSL - 12

A N D E R T O N   L A W   O F F I C E - W A S H I N G T O N   B I K E   L A W
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

The Notice of Removal fails to specify what regulation or order of the U.S. Secretary of Transportation covers the specific subject matter which is the subject of plaintiffs' claims here. Even if there were such a regulation or order, the state common and statutory laws relied upon by plaintiffs in their Complaint may be in addition or more stringent under the circumstances outlined above in subsection (a)(2)A-C. BTR has not, and cannot, show or allege that plaintiffs' personal injury claims relating to the crossing of the skewed tracks in the Crash Zone:

1) involve anything other than a purely local safety hazard: plaintiffs' allegations relate to the poor design and dilapidated condition of a single crossing track crossing of a local street/bicycle lane;

2) are in any way incompatible with federal laws, regulations or orders: the steps plaintiffs assert should have been taken to make the crossing safer are not in conflict with any federal law or regulation; or

3) would, reasonably or unreasonably, burden interstate commerce in any way: steps which would have made the crossing safe in no way would have interfered with the movement of trains over the tracks or otherwise impacted BTR's transportation operations.

Thus, per the language of the very statute on which BTR bases its removal, plaintiffs' state court action is not preempted and should be remanded to KCSC.

BTR relied upon *B&S Holdings, LLC v. BNSF Ry. Co.,* 889 F.Supp.2d 1252 (E.D. Wash. 2012), a case that involves fundamentally different issues and did not involve personal injury or the negligence of a railroad. The plaintiff in that case, a property holding company, brought suit against BNSF and others seeking to obtain title to BNSF's property along one of its rail lines through state adverse possession law. The case was originally brought in Chelan County Superior Court and

BNSF removed the case to U.S. District Court for Eastern Washington. In denying the motion for remand, the District Court focused on the principle of "complete preemption:" "The question in complete preemption analysis is whether Congress intended the federal cause of action to be the exclusive cause of action for the particular claims asserted under state law." *Id*. at 1256, citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321,331 (5th Cir. 2008). The court acknowledged that there was no Ninth Circuit precedent on the issue of whether complete preemption exists under the ICCTA in the context of state law adverse possession claims to railroad property. But after reviewing a U.S. Surface Transportation Board position on claims of adverse possession against railroads, the court concluded that, since adverse possession claims seek to permanently strip railroads of the real property they rely upon to engage in interstate commerce and conduct their business, preemption would be applicable. Thus, the *B&S Holdings* court found a federal question in that limited and substantially dissimilar context. The court emphasized the narrowness of its ruling:

> While § 10501(b) is broad and far-reaching, there are, of course, limits. For example, § 10501(b) preemption does not apply to state or local actions under their retained police powers, as long as they do not interfere with railroad operations or the Board's regulatory programs.

> For state or local actions that are not preempted on their face, § 10501(b) preemption analysis requires a factual assessment of whether that action would have the effect of preventing or unreasonably interfering with rail transportation. *See Franks Inv. Co. v. Union Pac. R.R*., 593 F.3d 404, 414 (5th Cir.2010) (en banc). Routine non-conflicting uses, such as non-exclusive easements for at-grade crossings, are not preempted, as long as they would not impede rail operations or pose undue safety risks.

889 F.Supp.2d at 1258 (citations omitted).

Again, plaintiffs' allegations in this suit do not involve BTR's property or operation rights or the prevention of, or unreasonable interference with, rail operations or transportation.

PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES - Case No.: 2:22-cv-00366-RSL - 14

A N D E R T O N   L a w   O f f i c e - W a s h i n g t o n   B i k e   L a w
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

The Notice of Removal also relies on two Supreme Court cases decided before Congress passed the 2007 clarification amendment to the FRSA discussed above, *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993) and *Norfolk Southern Ry. Co. v. Shanklin*, 529 U.S. 344, 120 S.Ct. 1467, 146 L.Ed.2d 374 (2000).

In *CSX Transp., Inc,* the Supreme Court held that, under the FRSA, federal regulations adopted by the Secretary of Transportation preempted a negligence action only insofar as the plaintiff asserted that the train that struck him was traveling at an excessive speed (because speed limits adopted by the Secretary of Transportation were meant to fully cover the subject matter in question). But the court also held that claims related to improper warning devices at the grade crossing **were not preempted**. 507 U.S. at 672-73.

Preemption was found in *Norfolk Southern Ry. Co.,* also a warning device case*, but* only because federal funds were used to pay installation of the warning devices at issue. *Id*. at 529 U.S. 358 (the regulations at issue covered the subject matter of the adequacy of warning devices installed with the participation of federal funds). There is **no evidence** in this case that federal funds were used for any feature in the Crash Zone, including signs or warnings.

*Murrell v. Union Pacific R.R. Co*., 544 F. Supp.2d 1138, 1148 (D. Oregon 2008), another case relied upon by BTR, was decided shortly after the 2007 amendment to the FRSA's preemption provision clarifying that most railroad tort cases will not be preempted by federal law. In *Murrell,* some of the plaintiff's claims required a showing that the defendant railroad violated federal regulations regarding speed and electronic warning signals, and the court found those claims to have been properly removed. BTR will be unable to show that plaintiffs' case requires proof of a breach of a federal regulation that completely covers the subject matters at play. In any event, the

PLAINTIFFS' MOTION FOR REMAND AND
REQUEST FOR FEES - Case No.: 2:22-cv-
00366-RSL - 15

A N D E R T O N   L a w   O f f i c e - W a s h i n g t o n   B i k e   L a w
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

*Murrell* court held that claims involving the railroad's failure to eliminate a dangerous condition (a concrete barrier obstructing visibility), were **not** preempted by federal law. *Id*. at 1154-55. Thus, even the *Murrell* court would have remanded the claims that are at the heart of Plaintiffs' case against BTR here.

**E.      Many Cases Hold State Law Railroad Injury Claims are Not Preempted**

In *Moeller v. Holland*, Civ. 21-963 GJF/SMV (D.N.M. Feb. 9, 2022), a contract worker's leg was crushed while cleaning rail cars and the plaintiff brought negligence and premises liability claims against the railroad under New Mexico law. The defendant railroad removed to the U.S. District Court for New Mexico and plaintiff sought remand. The court framed the question before it as follows: "Under the facts alleged in the Complaint, is there a remedy under the Interstate Commerce Commission Termination Act ("ICCTA") Plaintiff could pursue? Put otherwise, does the ICCTA provide a federal remedy that vindicates the same basic right or interest that would otherwise have been vindicated under New Mexico state negligence law?" *Id*. at *1. Like BTR here, the railroad defendant in *Moeller* contended that the ICCTA's express preemption provision completely preempted the plaintiff's claims. After a thorough analysis, the court remanded after finding that the plaintiff's claims did not invoke state laws that attempt to directly manage or govern a railroad's decisions in the economic realm and, further, that the defendant railroad had not met its burden of establishing that the ICCTA provided a cause of action that would remedy the plaintiff's claims.

*Fort Worth v. Stevenson*, No. 3:15-CV-0906-B (N.D. Tex. Jun. 22, 2015) involved a twist in that it was the plaintiff railroad that sued a motor vehicle owner for state law negligence at a rail crossing that damaged a train. The court granted the railroad's motion for remand because the

PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES - Case No.: 2:22-cv-00366-RSL - 16

A N D E R T O N   L A W   O F F I C E - W A S H I N G T O N   B I K E   L A W
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

issues of fact at play did not require the examination of federal statutes and regulations regarding the adequacy of the crossing warnings. The court also rejected the defendant's complete preemption argument as there was no authority demonstrating that Congress intended to wholly displace the plaintiff's claims and replace them with an exclusive federal remedy.

In *Rawls v. Union Pacific R.R.*, No. 09-CV-1037 (W.D. Ark. Mar. 9, 2010), another motor vehicle/train negligence case, the defendant railroad removed, but the court remanded. The court rejected the defendant's argument of complete preemption based on the purported notion that plaintiffs' crossing-design and construction claims fell within the exclusive jurisdiction of the Surface Transportation Board under the ICCTA. In evaluating defendant's position, the *Rawls* court adopted the rule set out by the Fifth Circuit in *Elam v. K.C. S. Ry. Co.,* 635 F.3d 796 (5th Cir. 2011):

> First, "§ 10501(b) does not expressly preempt generally applicable state laws that have a mere 'remote or incidental effect on rail transportation.'" *Elam,* 635 F.3d at 805 (quoting *Franks,* 593 F.3d at 410). Second, and more specifically, "[a] typical negligence claim seeking damages for a typical crossing accident (such as the Elams' simple negligence claim) does not directly attempt to manage or govern a railroad's decisions in the economic realm." *Id.* at 813. "[T]he effects of state negligence law on rail operations are merely incidental." *Id.* (citing *Franks,* 593 F.3d at 411).

*Rawls*, at *9. The *Rawls* court concluded:

> The Plaintiffs' claims, individually and in the aggregate, **are typical negligence claims seeking damages for a typical crossing accident that do not directly attempt to manage or govern** Union Pacific's decisions in the economic realm. At most, they have **a remote or incidental effect on rail transportation**. Moreover, **they raise safety issues, not economic ones**. For these reasons, none of the Plaintiffs' claims are completely preempted by the ICCTA.

*Id*. at *15 (Emphasis added).

PLAINTIFFS' MOTION FOR REMAND AND
REQUEST FOR FEES - Case No.: 2:22-cv-
00366-RSL - 17

A N D E R T O N   L a w   O f f i c e - W a s h i n g t o n   B i k e   L a w
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

There are numerous other persuasive examples where federal district courts have remanded railroad negligence cases that were removed on purported grounds of federal question/preemption. *See*, for example, *Kuntz v. Illinois Central Railroad*, 469 F. Supp. 2d 586 (S.D. Ill. 2007)(train/motor vehicle collision negligence case remanded where allegations against railroad included failures to provide proper sight lines, to maintain crossbucks, to equip crossing with additional signage, and to address loose gravel and potholes in the roadway at the crossing) and *Colbert v. Union Pacific Railroad*, 485 F. Supp. 2d 1236 (D. Kan. 2007) (allegations of dangerous and defective conditions at railroad crossing remanded after detailed analysis and conclusion there was neither complete preemption nor a substantial federal question).

**F.    Even if a Federal Question Were Found, State Law Claims Must be Remanded**

28 U.S.C. §1441(c)(1) provides that when a state court case includes a removable federal claim and "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," a defendant may remove "the entire action…if the action would be removable without the inclusion of the [nonremovable] claim." However, after such a case is removed, the federal district court **must** sever the nonremovable claims from the action and "**shall remand the severed claims** to the State court from which the action was removed." 28 U.S.C. §1441(c)(2)(emphasis added). The statute "unambiguously directs the court in such a scenario to sever from the action the non-removable claim and remand that claim back to state court." *Miley v. Housing Auth. of Bridgeport*, 926 F. Supp. 2d 420, 428 (D. Conn. 2013).

It is abundantly clear that BTR improperly removed this action in total and that the entire action should be remanded to KCSC. However, if the Court is somehow persuaded to rule that

PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES - Case No.: 2:22-cv-00366-RSL - 18

ANDERTON LAW OFFICE-WASHINGTON BIKE LAW
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

any of plaintiffs' claims against BTR properly belong in this Court, §1441(c)(2) nonetheless requires the Court to sever those claims and remand the balance to KCSC. Thus, for example, all claims against the City must be remanded even if claims against BTR were to remain in this Court.

**G.    BTR Did Not Challenge State Court Jurisdiction or Seek to Remove in Related and Identical Lawsuits**

This case is far from being BTR's first lawsuit involving the Crash Zone. BTR's removal of this case is **inconsistent with its position in prior cases**. At the very least, this inconsistency should be considered by the Court. But the Court may also decide that BTR's different positions in prior lawsuits rise to the level of judicial estoppel.[4]

**1)    BTR did not remove *City of Seattle v. Ballard Terminal Railroad* from KCSC**

In early 2019, the City of Seattle sued BTR in King County Superior Court (KCSC) (*City of Seattle v. Ballard Terminal Railroad Company, LLC.*, KCSC No. 19-2-01794-5, hereinafter "*Seattle v. BTR*") regarding completion of the BGT in the Missing Link, including in the Crash Zone. In *Seattle v. BTR*, the City sought to enforce provisions of their Operating Agreement that obligated BTR to relocate its tracks to accommodate construction of the BGT in the Missing Link. See Levin Declaration, **Exhibit A** at p. 1-3, ¶ 1.1-1.7.

---

[4] "Judicial estoppel is an equitable doctrine invoked by a court at its discretion." A*h Quin v. County of Kauai Department of Transportation*, 733 F.3d 267, 270 (9th Cir. 2013) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) The purpose of judicial estoppel is to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id*. While there is no strict formula for determining the applicability of judicial estoppel, the Supreme Court, in *New Hampshire v. Maine*, identified several factors that a court should consider, including whether a party's later position was clearly inconsistent with its earlier position; whether the party has succeeded in persuading a court that acceptance of an inconsistent position would create the perception that either the first or the second court was misled; and "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id*. at 750–51.

PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES - Case No.: 2:22-cv-00366-RSL - 19

ANDERTON LAW OFFICE-WASHINGTON BIKE LAW
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

In its Answer and Counterclaims, BTR denied that the Operating Agreement authorized the City to relocate BTR's tracks. See Levin Declaration, **Exhibit B** at p. 1, ¶ 1. In response to the allegation in the City's complaint that the King County Superior Court had jurisdiction to decide the matter, BTR denied jurisdiction:

> …to the extent it alleges that this Court has subject matter jurisdiction over any issues involving, or related to, directly or tangentially, railroad regulation, railroad operations, or railroad safety, including, without limit, any action to remove, relocate, reconfigure or condemn railroad facilities or to take actions that create unsafe railroad operating conditions under the guise of local land use authority exercised for public health or safety reasons (collectively, "Railroad Operation Issues") because the United States Surface Transportation Board ("STB") has exclusive jurisdiction over Railroad Operation Issues. **[BTR] admits [the King County Superior Court] has jurisdiction over [BTR's] non-Railroad Operation Issue claims and causes of action asserted herein.**

*Id.* at p. 2, ¶ 6 (Emphasis added).

BTR also filed counterclaims against the City in *Seattle v. BTR* and again alleged:

> 74. This Court has jurisdiction over BTRC's non-Railroad Operation Issue claims and causes of action asserted herein.

> 75. This Court lacks subject matter jurisdiction, however, over all Railroad Operation Issues because jurisdiction for those issues is exclusively vested in the STB.

*Id*. at p. 10, ¶ 74 and 75.

The City's 2019 lawsuit against BTR involved the very same tracks in the very same location as in the present action. The question there was whether the City could compel the movement of the BTR tracks to accommodate the City's design for the BGT. BTR contended that the City's plan to move the tracks would directly impact railroad operations and was thus preempted by the ICCTA. Despite its position that the KCSC did not have jurisdiction over issues impacting railroad operations, BTR made no challenge to the case going forward in KCSC.

PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES - Case No.: 2:22-cv-00366-RSL - 20

A N D E R T O N   L a w   O f f i c e - W a s h i n g t o n   B i k e   L a w
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

Plaintiffs' claims against the City and BTR in the present lawsuit focus, not on movement of the tracks, but on the failure of both defendants to make the bicycle lane crossing of the currently configured BTR tracks reasonably safe (i.e., failure to provide adequate warning to cyclists of the skewed tracks ahead, failure to better channel bicycle traffic over the tracks, failure to properly maintain the area around the tracks, and failure to install flangeway gap fillers that would not interfere with railroad operations). None of the acts or omissions alleged by Plaintiffs involve how BTR or its trains operate on the tracks. By BTR's own definition in the *Seattle v. BTR* case, that claims in the instant action involve **non-Railroad Operation Issues**.[5]

In *Seattle v. BTR*, by not timely removing, BTR waived any right it may have had to litigate the City's lawsuit in federal court. BTR waived that right despite the fact that the issue at the heart of the City's case, movement of railroad tracks to build the trail, arguably would have a direct impact on BTR's railroad operations.[6] Yet, here, where no issue could reasonably be interpreted to impact BTR's operations, BTR made the misguided decision to remove to this Court.

But that is not the only irony--the City, which itself brought suit against BTR in KCSC, now being co-represented by counsel for BTR through indemnity provisions in the Operating Agreement, consents to this case being removed to federal court based upon federal preemption. Yet, in both KCSC and in its appeal of the KCSC's decision favoring BTR, the City argued vigorously that there was no preemption, devoting many pages of detailed argument on the following issue:

---

[5] This is because this case does not involve, per BTR's own definition, "action to remove, relocate, reconfigure or condemn railroad facilities or to take actions that create unsafe railroad operating conditions under the guise of local land use authority..."

[6] Even more compelling is the fact that BTR, in its counterclaim against the City, asserted that KCSC had jurisdiction to decide what BTR said were "non-Railroad Operation Issues", when a reading of the counterclaims themselves make clear that they involved issues with a higher likelihood to have a direct impact on BTR's railroad operations. See Levin Declaration, Exhibit B at p. 10-29.

PLAINTIFFS' MOTION FOR REMAND AND
REQUEST FOR FEES - Case No.: 2:22-cv-
00366-RSL - 21

A N D E R T O N   L A W   O F F I C E - W A S H I N G T O N   B I K E   L A W
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

**"The Superior Court's Conclusion that the ICCTA Preempted the City's Right to Relocate the Tracks Was Erroneous."** See Levin Declaration, **Exhibit C** at p. 26-39. Many of the City's arguments strongly support the position of plaintiffs' herein that there is no preemption (and thus no federal question warranting removal).

2)    <u>BTR never sought to remove other Missing Link bicycle crash cases</u>

Over nearly 20 years, the City and BTR have both been defendants in multiple lawsuits filed in KCSC by individuals claiming bicycle crash injuries in the Missing Link's Crash Zone. Yet BTR did not attempt removal to Federal Court[7] or assert that KCSC lacked subject matter jurisdiction in any of these earlier cases.

- *Justice et. al. v. City of Seattle and Ballard Terminal Railroad*, KCSC 3-2-27338-4, filed in 2003 (BTR did not seek to remove and **admitted that KCSC had jurisdiction**). See Levin Declaration, **Exhibit D** at p. 2, ¶ 1.5 of Complaint and p. 2, ¶ 1.5 of Answer.

- *Stabler et. al. v. City of Seattle and Ballard Terminal Railroad*, KCSC No. 10-2-06535-1, filed in 2010 (BTR did not seek to remove and did not, by affirmative defense or otherwise, challenge the subject matter jurisdiction of KCSC). See Levin Declaration, **Exhibit E,** Amended Complaint and BTR's Answer thereto. (There were no jurisdiction issues raised by the parties in the pleadings and no removal.)

- *Magrey v. City of Seattle and Ballard Terminal Railroad*, KCSC No. 10-2-16385-9, filed in 2010 (BTR did not seek to remove and did not, by affirmative defense or otherwise, challenge the subject matter jurisdiction of KCSC). See Levin Declaration, **Exhibit F**, City's Cross Claim against BTR and BTR's Answer to Cross Claim. (There were no jurisdiction issues raised by the parties in the pleadings and no removal.)

- *Roy v. City of Seattle and Ballard Terminal Railroad,* KCSC No. 11-2-35765-1, filed in 2011 (BTR did not seek to remove and **admitted that KCSC had subject matter jurisdiction**). See Levin Declaration, **Exhibit G** at p. 1, ¶ 1.2 of Complaint and p. 1, ¶ 1.2 of BTR's Answer.

- *Hines v. City of Seattle and Ballard Terminal Railroad,* 18-2-17250-1, filed in 2018 (While the plaintiff's complaint lacked a jurisdiction allegation, BTR did admit that venue was proper in KCSC and did not, by affirmative defense or otherwise, challenge the subject

---

[7] See Levin Declaration, ¶ 3.

PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES - Case No.: 2:22-cv-00366-RSL - 22

A N D E R T O N   L a w   O f f i c e - W a s h i n g t o n   B i k e   L a w
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

matter jurisdiction of KCSC, nor did it remove.) Levin Declaration, **Exhibit H** at p. 2, ¶ 1.5 of Complaint and p. 1, Section II of Answer. (In *Hines,* like here, both BTR and the City were represented by KSB Litigation P.S.)

**H.** **The Court Should Award Attorney Fees to Plaintiffs Because BTR Lacked an Objectively Reasonable Basis for Removal**

Where a district court has determined that it lacks subject matter jurisdiction over a case and has remanded it to state court under 28 U.S.C. 1447(c), that statute provides that the district court may also require payment of "just costs and any actual expenses including attorney fees." Attorney fees should be awarded **"where the removing party lacked an objectively reasonable basis for seeking removal."** *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). "If non-removability is obvious or contrary to well-settled law, courts regularly impose costs and expenses." *Ballard v. District of Columbia*, 813 F.Supp.2d 34, 45 (D.D.C. 2011).

Before BTR filed its Notice of Removal in this action, Plaintiffs learned that, just the day before, BTR had removed an action brought by another plaintiff, Margeaux Green, who had crashed on her bicycle in the same location as the plaintiffs in this case. *See Green v. City of Seattle and Ballard Terminal Railroad*, 2:22-cv-00350, filed on March 24, 2022. After reading the Notice in the *Green* case, counsel for Plaintiffs herein sent the following email to counsel for Defendants on March 25, 2022:

> Will, I am aware that you removed the case of Margeaux Green to Federal Court. I am sure you will attempt to do the same with our action. Based upon our understanding of current case law, your clients do not have an objectively reasonable basis for removal. This email puts you on notice that, if defendants force the plaintiffs to incur the time and expense of moving for remand back to King County Superior Court, we will seek "just costs and any actual expenses including attorney fees" pursuant to 28 U.S.C. 1447(c). *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005).

Just over one hour after that email was sent, BTR filed its Notice of Removal.

A N D E R T O N   L A W   O F F I C E - W A S H I N G T O N   B I K E   L A W
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290   Fax: (206) 838-3330

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

   For all of the reasons discussed in this Motion, plaintiffs should not have had to engage in this time-consuming exercise of seeking remand to KCSC, where this case properly belongs. Plaintiffs respectfully request that the Court grant their request for an award of attorney fees against BTR.

   DATED this 7th day of April, 2022.


                                        ANDERTON LAW OFFICE-WASHINGTON BIKE LAW


                                        By:  s/ Robert Levin
                                             Robert Levin, WSBA No. 18092
                                             Attorney for Plaintiffs

                                             Washington Bike Law
                                             705 Second Avenue, Suite 1000
                                             Seattle, WA 98104
                                             Phone: (206) 262-9290
                                             Fax: (206) 838-3330
                                             Email: rob@washingtonbikelaw.com

**PLAINTIFFS' MOTION FOR REMAND AND REQUEST FOR FEES** - Case No.: 2:22-cv-00366-RSL - 24

**A N D E R T O N  L A W  O F F I C E - W A S H I N G T O N  B I K E  L A W**
705 Second Avenue, Suite 1000, Seattle, Washington 98104
Phone: (206) 262-9290  Fax: (206) 838-3330