1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY ROBINSON, *et al*.,

               Plaintiffs,

      v.

CITY OF SEATTLE, *et al*.,

               Defendants.

Cause No. C22-0366RSL

ORDER OF REMAND

This matter comes before the Court on "Plaintiffs' Motion for Remand to King County Superior Court and Request for Fees." Dkt. # 6. Plaintiffs assert state law claims of negligence and nuisance against the City of Seattle ("City") and Ballard Terminal Railroad Company, LLC ("BTR"), for installing and/or maintaining an unreasonably hazardous railroad track crossing along the Burke-Gilman Trail in the Ballard section of the City. Plaintiffs allege that BTR breached duties imposed under state law, the Seattle Municipal Code, and federal standards established in the Manual for Uniform Traffic Control Devices ("MUFCD") for U.S. roads and highways. BTR removed the case from King County Superior Court, arguing that the Federal Railroad Safety Act ("FRSA") and the Interstate Commerce Commission Termination Act of 1995 ("ICCTA") completely pre-empt plaintiffs' state law claims. Dkt. # 1. In its opposition to the motion to remand, BTR abandoned its FRSA argument, but added an argument that

ORDER OF REMAND - 1

plaintiffs' references to the MUFCD in the complaint establish that the request for relief arises under federal law.

A defendant in state court generally has the right to remove the case to federal court only if the case could have been filed originally in federal court. *See* 28 U.S.C. § 1441(b). The general removal statute is construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state court. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Because there is a presumption that a cause of action lies outside the limited jurisdiction of the federal courts, the removing party has the burden of proving by a preponderance of the evidence that removal is appropriate. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Defendants assert that federal question jurisdiction exists in this case because a review of the complaint shows "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. V. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-2 (1983). The fact that defendants have a federal defense – the defense of preemption under ICCTA – is generally not enough to justify removal. *Hunter*, 582 F.3d at 1042-43. If, however, Congress has completely preempted all regulation in a particular area through statutory language that "is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," then "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim,

and therefore arises under federal law" for purposes of 28 U.S.C. § 1441. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (internal citations and quotation marks omitted).

### A. Complete Pre-emption

BTR asserts that the ICCTA completely pre-empts state law nuisance claims and that issues pertaining to the design and maintenance of railroad tracks and crossings are preempted under *B&S Holdings*. Dkt. # 12 at 4-5. While the ICCTA has a peculiarly broad pre-emption provision, it applies only where a plaintiff seeks a remedy for conduct covered by the statute, namely:

> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and

> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State.

49 U.S.C.A. § 10501(b). *See Pace v. CSX Transp., Inc.*, 613 F.3d 1066, 1069 (11th Cir. 2010) ("[T]he language of section 10501(b) plainly conveys Congress's intent to preempt all state law claims pertaining to the operation or construction of a side track. Accordingly, we hold that the Pace family's state law nuisance claim for monetary relief is expressly preempted by the ICCTA.").

> Section 10501(b) . . . shields railroad operations that are subject to the [Surface Transportation] Board's jurisdiction from state or local laws or regulations that would prevent or unreasonably interfere with those operations. *See Green Mountain R.R. Corp. v. Vt.*, 404 F.3d 638, 643 (2d Cir. 2005) (environmental and land use permit processes categorically preempted) (*Green Mountain*); *City of Auburn v. STB*, 154 F.3d 1025, 1029-31 (9th Cir. 1998) (same). The federal

ORDER OF REMAND - 3

1
2
3
4
5
6
7
8
9
10

preemption also applies to any attempted regulation of a matter directly regulated by the Board, such as a state statute dictating when a train can traverse a road crossing. *See Friberg v. Kansas City S. Ry. Co.*, 267 F.3d 439, 443-44 (5th Cir. 2001). But section 10501(b) does not completely remove any ability of state or local authorities to take action that affects railroad property. To the contrary, state and local regulation is permissible where it does not prevent or unreasonably interfere with interstate commerce, and localities retain certain police powers to protect public health and safety. *See Green Mountain*, 404 F.3d at 643; *Joint Petition for Declaratory Order-Boston and Maine Corporation and Town of Ayer*, MA, STB Finance Docket No. 33971, slip op. at 9 (STB served May 1, 2001), aff'd, *Boston & Maine Corp. v. Town of Ayer*, 191 F. Supp.2d 257 (D. Mass 2002) (*Town of Ayer*).

11
12
13

*Mark Lange--Petition for Declaratory Ord.*, No. FIN 35037, 2008 WL 219583, at *2 (Jan. 24, 2008).

14
15
16
17
18
19
20
21
22
23
24

Thus, contrary to BTR's categorical assertion that "[t]he STB has held that state law nuisance claims are preempted by ICCTA" (Dkt. # 12 at 4), the STB in *Mark Lange* evaluated the impacts the state law claim would have on rail transportation before determining whether the claims were pre-empted. The trespass and nuisance claims asserted in *Mark Lange* would, if successful, have prevented the railroad from utilizing property it deemed necessary for its rail operations. The STB therefore concluded that the claims were preempted because they would prevent or unreasonably interfere with railroad operations. In this case, however, BTR does not argue (or even assert) that plaintiffs' proposed use of Washington's negligence and nuisance laws will prevent or unreasonably interfere with rail transportation or interstate commerce.

25
26
27
28

*B&S Holdings* does not require a different result. In that case, Judge Rice held that an adverse possession claim against the railroad was completely pre-empted by the ICCTA "because not only would it interfere with railroad operations, but would divest the railroad of the

1   very property with which it conducts its operations." 889 F. Supp.2d at 1258. But BTR has

2   eschewed any attempt to show that the claims asserted in this litigation would interfere with its

3   operations. BTR has, therefore, failed to rebut the general presumption that this action lies

4   outside the limited jurisdiction of the federal courts.

5

6       **B. References to the MUTCD**

7       BTR asserts that, even if pre-emption does not apply, plaintiffs have pled a claim arising

8   under federal law through their references to the MUTCD in the complaint. The sum total of this

9   argument is a statement that "[p]laintiffs expressly plead the MUTCD, created pursuant to 23

10  U.S.C. § 109(d), as a basis for their legal claims . . . ." Dkt. # 12 at 6. Plaintiffs do not assert a

11  claim under the MUTCD. Rather, the MUTCD is used to establish the scope of a railroad's

12  duties and the standard of care to which it will be held under Washington law.[1] No federal cause

13  of action is alleged.

14      **C. Attorney's Fees**

15      The Court has the power to "require payment of just costs and any actual expenses,

16  including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c). BTR's

17  sudden change in practice leading to the removal of the two most recent bicycle crash cases filed

18  against it (after having litigated these cases in state court for decades), its shifting arguments in

19  favor of removal, its abandonment of the FRSA argument, and its cursory arguments in support

20

21

22

23

24

25

26

---

27  [1] The FRSA makes clear that, although regulations related to railroad safety and security should be nationally uniform to the extent practicable, state law claims seeking damages for personal injuries based on an allegation that the railroad has failed to comply with a federal standard of care are not pre-empted. 49 U.S.C. § 20106(a)(1) and (b)(1)(A).

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

of its ICCTA and MUTCD justifications suggest that there was no objectively reasonable basis for removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). An award of fees is appropriate. Applying the lodestar method of analysis, the Court finds that the number of hours spent on this matter (Dkt. # 7 at ¶ 6) is excessive.

For all of the foregoing reasons, plaintiffs' motion for remand (Dkt. # 6) is GRANTED. The Clerk of Court is directed to remand this matter to King County Superior Court. BTR shall pay to plaintiffs attorney's fees in the amount of $9,600.

Dated this 6th day of May, 2022.

MW S Lasnik
Robert S. Lasnik
United States District Judge

ORDER OF REMAND - 6